James T. Sikaras, Esq. County Attorney, Allegany
I am writing in response to your request for an opinion as to whether a bank merger is subject to the recording provisions of the Real Property Law. As stated in your letter, the following factual situation has arisen: Bank A, a mortgagee on a 1983 mortgage, merged in 1984 with Bank B and the merged name of the banks is Bank C. Bank C then discharged the 1983 mortgage. This discharge was then presented to the county clerk where the 1983 mortgage is recorded. The discharge recites the merger of the two banks, but nothing is filed or recorded in the county clerk's office concerning the merger such as a certificate of merger by the State Banking Department. You have asked whether the discharge is in recordable form or whether the certificate of merger must be recorded before the discharge can be validly recorded.
Bank mergers and dissolutions are regulated by article 13 of the Banking Law. A merger of two or more financial institutions must be approved by the superintendent of banks (Banking Law, § 601-b). Following the approval of the merger, section 601-b requires that a copy of the certificate of approval, along with copies of the merger plan, "shall be filed in the office of the clerk of the county in which the principal office of the receiving corporation is located" (id.). There is no requirement that filing be made in any other county where the banks may hold mortgages.
There are no provisions in the Real Property Law which specifically mention recording bank mergers. The general standards requiring recording, however, are sufficiently broad to allow the recording of bank mergers (Real Property Law, §§ 290-336). Section 291 sets forth the general standard of what can be recorded:
 "A conveyance of real property, within the state * * * may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office."
The definition of conveyance is found in section 290.
 "The term `conveyance' includes every written instrument, by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected, including an instrument in execution of a power, although the power be one of revocation only, and an instrument postponing or subordinating a mortgage lien; except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands, and an instrument containing a power to convey real property as the agent or attorney for the owner of such property."
The result of a bank merger is that all the property, powers and rights, including mortgage rights, are considered to vest in the receiving corporation, that is, the new corporation that is the result of the merger (Banking Law, § 602; Matter of Cantor v ManufacturersTrust Co., 261 N.Y. 6 [1933]). Assignments of mortgages have long been held to be recordable instruments (Syracuse Savings Bank v Merrick,182 N.Y. 387 [1905]), and the recording officer is specifically directed by the Real Property Law to record assignments and other documents relating to mortgages:
 "The recording officer shall also record every other instrument relating to a mortgage which is presented to him, acknowledged or proved in like manner as to entitle a conveyance to be recorded, including certificates purporting to discharge a mortgage or an interest therein which are signed by persons other than those specified in the first subdivision of this section, and also including, but not limited to, assignments, releases, partial discharges, reductions, estoppel certificates, extensions, discharges of partial interest and partial discharges of partial interest, regardless by whom any such instrument has been executed." (Real Property Law, § 321[b].)
The recording officer is directed to record "every other instrument relating to a mortgage". Because the bank holding a mortgage continues to exist as a legal entity after the merger, albeit in a new form, it is unclear whether the merger effectuates an "assignment" of the mortgage (Banking Law, § 602). Under the circumstances described in your letter, however, the merger significantly relates to that mortgage at least to the extent that it indicates a new name for the mortgagee. For this reason, an instrument describing the bank merger would be recordable under the standards set forth in section 321(b).
The discharge of the mortgage, whether it recites the circumstances of the merger or not, would also be in recordable form, and the recording officer would be required to record it. By recording these documents, the county clerk has fulfilled his duties under the Real Property Law. The question of which method of recording is more desirable is a matter of choice for the person recording the document, not the county clerk's office.
Accordingly, we conclude that an instrument commemorating the merger of a bank which holds a mortgage on property in a certain county is in recordable form, and must be recorded in the county clerk's office of that county pursuant to the recording provisions of the Real Property Law.